# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-957V

* * * * * * * * * * * * * * * * * * * * * * * *
                                                 *

| | | |
|---|---|---|
| CHANDRA GUZMAN, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed:  March 3, 2025 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Lynn C. Schlie*, U.S. Dep't of Justice, Washington, DC, for Petitioner.

## DECISION DISMISSING PETITION[1]

On August 18, 2022, Chandra Guzman filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that she developed transverse myelitis as a result of her receipt of a pneumococcal conjugate vaccine on September 19, 2019. Amended Petition (ECF No. 31) at 1. On June 14, 2024, Respondent filed his Rule 4(c) Report recommending denial of compensation in this matter. *See* Report, dated June 14, 2024 (ECF No. 36). I subsequently held a status conference, and at that time directed Petitioner to file an expert report addressing prong one causation. *See* Scheduling Order, dated July 10, 2024.

Petitioner has now filed a motion for a decision dismissing the claim. *See* Motion, dated Feb. 28, 2025 (ECF No. 40). Petitioner explains that she has opted to not proceed forward with her claim. Mot. at 2. Petitioner has been advised that a decision dismissing the petition will result in a

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

judgment against her, and that such a judgment will end all her rights in the Vaccine Program with regard to this specific claim relating to her September 19, 2019 vaccination. *Id.*

Under Vaccine Rule 21(b)(1), a petitioner may request a decision dismissing a petition, even after preparation of Respondent's Rule 4(c) Report. In such a case the decision will result in a judgment, although the dismissal will be with prejudice (unless otherwise indicated). Rule 21(b)(1) and (2). Here, I find such a decision appropriate. To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to his vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* § 13(a)(1)(A) and 11(c)(1). Petitioner has affirmatively represented that she prefers to no longer proceed with his claim, and has not otherwise offered evidence sufficient to support the claim.

Accordingly, I hereby **DISMISS** the Petition with prejudice. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]


**IT IS SO ORDERED**.


/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.